UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAFAEL GOMEZ-JONES, | ) | CASE NO. 4:08 CV1175 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOSEPH E. GUNJA, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Rafael Gomez-Jones filed the above-captioned habeas corpus action on May 12, 2008 under 28 U.S.C. § 2241. Mr. Gomez-Jones, who is incarcerated at the Northeast Ohio Correctional Center ("N.E.O.C.C."), names N.E.O.C.C. warden Joseph E. Gunja as respondent. He seeks an order from this court invalidating a prison disciplinary conviction and the restoration of 27 days good credit time.

**Background**

On June 18, 2004, Mr. Gomez-Jones was detained in the Metropolitan Correctional Center in Brooklyn, New York when he was charged with "threatening bodily harm." The infraction, considered a BOP Code 203 violation, stemmed from letters the petitioner wrote to his wife while in detention. As a sanction for the infraction, the BOP disallowed 27 days of good credit time.

Petitioner claims that he did not attempt to exhaust his administrative remedies

at the time because he was advised not to do so by Messers. Garcia and Rodriguez, "as . . . officers of the U.S. Government." (Pet. at 5.) These gentlemen allegedly advised Mr. Gomez-Jones that because he was a pre-trial detainee at the time the sanctions were "unapplicable" [sic].

## Analysis

In his present petition, Mr. Gomez-Jones asserts that he has been denied his right to due process as a result of the BOP's actions. Citing Bell v. Wolfish, 441 U.S. 520 (1979), he claims that the BOP has no right to "punish" him prior to his lawful conviction. It is his understanding that beyond simply being detained before trial, the respondent cannot impose any conditions or restrictions upon him which amount to punishment. He seeks an order from this court invalidating his prison disciplinary conviction because the purpose of imposing a Code 203 is to deprive him of good time credits, "the purpose [of which] is to punish and deter." (Pet. at 7.) He believes that, like the petitioner in Collozo-Leon v. United States Bureau of Prison, 855 F. Supp. 530 (D. PR 1994), his punishment violates the principles of due process.[1]

## 28 U.S.C. § 2241

Mr. Gomez-Jones is seeking relief available only under 28 U.S.C. § 2241. His request for a court order prohibiting the BOP from forfeiting 27 days of good credit time is a challenge to the execution of a portion of his sentence. An inmate's challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself, may only be brought under § 2241. See Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998). As Mr. Gomez-

---

[1]The First Circuit Court of Appeals later vacated the district court's grant of the writ of habeas corpus on the substantive due process grounds. See Collazo-Leon v. United States Bureau of Prisons, 51 F.3d 315 (1st Cir.1995). The case was remanded to the district court to determine whether Collazo-León's right to procedural due process was violated. A discussion of the appellate court's decision is included in this opinion.

2

Jones's sentence is presently being served in Ohio and, as the Southern District Court of New York has no jurisdiction over prison officials in Ohio, Mr. Gomez-Jones's petition is properly filed pursuant to 28 U.S.C. § 2241 in this court. See Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977).

### Pre-sentence Detainee - Punishment

The core of Mr. Gomez-Jones's challenge stems from sanctions imposed as a result of being charged with threatening bodily harm. He believes that any sanction imposed by the BOP prior to the imposition of his sentence is invalid. This is not so. Although pretrial detainees may not be punished by prison officials for the crime that led to their detention, Bell v. Wolfish, 441 U.S. 520, 538-39 (1979), they may be disciplined or punished for misconduct they commit in prison while awaiting either trial or sentencing. Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir.1996); Collazo-Leon v. United States Bureau of Prisons, 51 F.3d 315, 317 (1st Cir.1995). "In other words, reasonable punishment may be imposed to enforce reasonable prison disciplinary requirements but may not be imposed to sanction prior unproven criminal conduct." Collazo-Leon, 51 F.3d at 318. Imposing sanctions on a pretrial detainee for misconduct committed during his incarceration "is nevertheless constitutional if it also serves some legitimate governmental objective such as addressing a specific institutional violation and is not excessive in light of the seriousness of the violation." Bell, 441 U.S. at 538-39.

It is a legitimate governmental objective to maintain safety, internal order and security within the penal institution. Bell, 441 U.S. at 540. "The administrators of the prison must be free ... to sanction the prison's pretrial detainees for infractions of reasonable prison regulations that address concerns of safety and security within the detention environment." Collazo-Leon, 51

F.3d at 318. Prohibiting a prisoner from sending threatening letters to his spouse is a reasonable prohibition designed to maintain safety and, as such, is rationally related to the legitimate governmental objectives of public safety and institutional security. See Turner v. Safley, 482 U.S. 78, 89 (1987); see also 28 C.F.R. § 541.13, Table 3, Code 203.[2]

While pretrial detainees do not automatically earn good time credit, they may be recommended for good time credit for the time spent in pretrial custody. 28 C.F.R. § 523.17(1); United States v. Payton, 159 F.3d 49, 61 (2d Cir.1998). "[T]his recommendation shall be considered in the event that the pretrial detainee is later sentenced on the crime for which he or she was in pretrial status." 28 C.F.R. § 523.17( 1 ). However, if "the [BOP] determines that, during that year, the prisoner had not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the [BOP] determines to be appropriate." 18 U.S.C. § 3624(b)(1). Thus, as a pretrial detainee, petitioner was eligible to be awarded up to 54 days of good time credit annually, provided he was later sentenced to a prison term exceeding one year on the offense and he satisfactorily complied with institutional regulations. 18 U.S.C. § 3624(b)(1); 28 C.F.R. § 523.17( 1 ).

---

[2] "203 - Threatening another with bodily harm or any other offense" is a High Category Prohibited Act. The recommended discipline for a violation of that code is as follows:

> Disallow ordinarily between 25 and 50% (14-27 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).

28 C.F.R. § 541.13, Table 3.

4

Due to his disciplinary violation, Mr. Gomez-Jones was not awarded the maximum amount of good time credit he could have received. Because federal presentence detainees may be punished for prison misconduct by disallowing good time credit, petitioner cannot argue that the BOP has failed to properly execute his sentence. Therefore, the instant petition seeking restoration of 27 days of good time credit lacks merit and must be denied.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

_____ 7/30/08
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

5